IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Jeremy Valencia, | NO. C 11-06177 JW |
|         Plaintiff, | **ORDER DECLINING TO CONSIDER PLAINTIFF'S FURTHER REQUEST FOR REMAND AS IMPROPERLY FILED; SETTING ORDER TO SHOW CAUSE HEARING RE. PRACTICE BEFORE THIS COURT** |
|    v. | |
| Sharp Elecs. Corp., et al., | |
|         Defendants. | |

Presently before the Court is Plaintiff's Further Request for Remand. (hereafter, "Request," Docket Item No. 26.) In his Request, Plaintiff contends that the Court "has no subject matter jurisdiction" over this case, and requests that the Court therefore remand this case "back to the California Superior Court." (Id. at 2.)

The Civil Local Rules state that "[a]ny written request to the Court for an order must be presented" to the Court by one of a specified number of means, including a "[d]uly noticed motion pursuant to Civil L.R. 7-2." Civ. L.R. 7-1(a). The Local Rules also state that "[e]xcept as otherwise ordered or permitted by the assigned Judge or [the Local Rules], and except for motions made during the course of a trial or hearing, all motions must be filed, served and noticed in writing on the motion calendar of the assigned Judge for hearing not less than 35 days after service of the motion." Id. 7-2(a).

Upon review, the Court finds that Plaintiff's Request does not comply with the Civil Local Rules, insofar as it was not filed as a noticed motion pursuant to the Local Rules. As the Court

explained in relation to a previous "Request for Remand" filed by Plaintiff, which likewise was not filed as a noticed motion, the Civil Local Rules require that any "written request to the Court for an order" must be presented by way of a duly noticed motion.[1] In its March 5 Order, the Court stated that "[i]f Plaintiff wishes the Court to address the merits of his Request for Remand, he shall file a duly noticed Motion pursuant to the Civil Local Rules." (Id.)

Once again, Plaintiff requests that the Court, pursuant to the Local Rules, remand the case to state court "without a formal motion." (Request at 2.) However, the Court does not find good cause to do so. In particular, the Court finds that due process requires that Plaintiff file a duly noticed motion seeking remand of the case, which in turn will permit Defendant to oppose remand.

Finally, the Court observes that in the Request, Plaintiff's counsel contends that he does not wish to file a formal motion as he "is not admitted to practice to the Northern District, and has no desire to incur the cost to do so." (Request at 2.) Moreover, Plaintiff's counsel contends that he "will not participate in any Federal Court set dates [sic] specifically because [he] does not want to provide any grounds for any argument of waiver [or] estoppel regarding subject matter jurisdiction, removal or otherwise." (Id.) However, as the Court has already explained, if Plaintiff and Plaintiff's counsel do not participate in this case, Defendant may file the appropriate motion to dismiss for lack of prosecution.[2]

Accordingly, the Court declines to consider Plaintiff's Further Request for Remand. The Court reiterates that if Plaintiff wishes the Court to address the merits of his contention that this case

---

[1] (Order Declining to Consider Plaintiff's Request for Remand as Improperly Filed at 2, hereafter, "March 5 Order," Docket Item No. 23.)

[2] (See Scheduling Order at 1 n.1, Docket Item No. 25.) As the Court explained in its Scheduling Order, Plaintiff's counsel failed to submit a Case Management Statement. Moreover, Defendant contended that it had "made repeated efforts to schedule a Conference" with Plaintiff prior to submitting its own Case Management Statement, but Plaintiff's counsel did not respond. (See id.) Although the Court found, based on its examination of the case, that it was able to set a schedule despite Plaintiff's failure to submit a Case Management Statement, it admonished Plaintiff's counsel for his failure to meet and confer, as required by the Court's standing order. (Id.) The Court also stated that "[u]pon the issuance of this Scheduling Order, should Plaintiff and Plaintiff's counsel not fully participate in the discovery process, Defendant may file the appropriate motion to dismiss for lack of prosecution." (Id.)

2

should be remanded, he shall file a duly noticed Motion pursuant to the Civil Local Rules. As the Court has already addressed two improperly filed requests for remand, the Court will not address any further request for remand that is not properly noticed pursuant to the Local Rules.

Further, in light of Plaintiff's counsel's explicit admission that he is not admitted to practice before the Northern District, the Court finds good cause to set an Order to Show Cause Hearing re. Practice Before This Court.[3] Accordingly, on **April 9, 2012 at 9 a.m.**, Plaintiff shall appear to show cause, if any, by actual appearance in Court and by certification filed with the Court on or before **March 30, 2012**, why this case should not be dismissed for failure to comply with the Civil Local Rules requiring that only members of the bar of this Court may practice in this Court. See Fed. R. Civ. P. 41(b).

Failure to adhere to this Order may result in sanctions.

Dated: March 26, 2012

JAMES WARE
United States District Chief Judge

---

[3] See Civ. L.R. 11-1(a) (explaining that, with certain exceptions, "only members of the bar of this Court may practice in this Court").

3

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Martin Barnett Reiner martinreinerlaw@yahoo.com
Michael Gayland Pedhirney mpedhirney@littler.com

**Dated:  March 26, 2012**                                         **Richard W. Wieking, Clerk**

                                                                  **By:      /s/ JW Chambers          **
                                                                  **         Susan Imbriani**
                                                                  **         Courtroom Deputy**