IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Jeremy Valencia, | NO. C 11-06177 JW |
| Plaintiff, | **ORDER DISMISSING CASE** |
| v. | |
| Sharp Elecs. Corp., et al., | |
| Defendants. | |

On March 26, 2012, the Court declined to consider Plaintiff's Further Request for Remand,[1] on the ground that the request had been improperly filed as a statement, rather than properly noticed as a motion pursuant to the Civil Local Rules of this Court.[2] In its March 26 Order, the Court observed that Plaintiff's counsel, in his Request for Remand, had asserted that he "is not admitted to practice to the Northern District, and has no desire to incur the cost to do so."[3] Further, the Court observed that Plaintiff's counsel contended that he "[would] not participate in any Federal Court set

---

[1] (Further Request for Remand, hereafter, "Request," Docket Item No. 26.) On March 4, 2012, Plaintiff filed an earlier "Request for Remand." (Docket Item No. 22.) On March 5, 2012, the Court issued an order in which it declined to consider that Request for Remand as improperly filed, insofar as it had not been noticed for a hearing pursuant to the Civil Local Rules, and stated that "[i]f Plaintiff wishes the Court to address the merits of his Request for Remand, he shall file a duly noticed Motion pursuant to the Civil Local Rules." (Order Declining to Consider Plaintiff's Request for Remand as Improperly Filed at 1-2, Docket Item No. 23.)

[2] (See Order Declining to Consider Plaintiff's Further Request for Remand as Improperly Filed; Setting Order to Show Cause Hearing Re. Practice Before This Court, hereafter, "March 26 Order," Docket Item No. 27.)

[3] (March 26 Order at 2 (citing Request at 2).)

1 dates [sic] specifically because [he] does not want to provide any grounds for any argument of
2 waiver [or] estoppel regarding subject matter jurisdiction, removal or otherwise."[4] Finally, the Court
3 observed that it had already explained, in its Scheduling Order,[5] that "if Plaintiff and Plaintiff's
4 counsel do not participate in this case, Defendant may file the appropriate motion to dismiss for lack
5 of prosecution."[6]

6 Thus, in "light of Plaintiff's counsel's explicit admission that he is not admitted to practice
7 before the Northern District," the Court set an Order to Show Cause Hearing re. Practice Before
8 This Court.[7] Accordingly, the Court ordered Plaintiff to appear on April 9, 2012 at 9 a.m. to show
9 cause, if any, by actual appearance in Court and by certification filed with the Court on or before
10 March 30, 2012, why this case should not be dismissed for failure to comply with the Civil Local
11 Rules providing that only members of the bar of this Court may practice in this Court.[8] Plaintiff did
12 not file a certification with the Court; nor did Plaintiff make an appearance at the April 9 hearing.
13 Instead, on April 8, 2012–i.e., the day before the Order to Show Cause Hearing–Plaintiff filed a
14 statement contending that Plaintiff's counsel would be unable to attend the April 9 hearing because
15 he "has a trial scheduled for April 9, 2012 in southern California, commencing at 8:30 a.m., which
16 was scheduled months ago," and "does not know anyone in Northern California who could appear at

---

[4] (Id. (citing Request at 2).)

[5] (Docket Item No. 25.)

[6] (March 26 Order at 2 & n.2 (citing Scheduling Order at 1 n.1).) As the Court explained in its Scheduling Order, Plaintiff's counsel failed to submit a Case Management Statement. (See Scheduling Order at 1 n.1.) Moreover, Defendant contended that it had "made repeated efforts to schedule a Conference" with Plaintiff prior to submitting its own Case Management Statement, but Plaintiff's counsel did not respond. (See id.) Although the Court found, based on its examination of the case, that it was able to set a schedule despite Plaintiff's failure to submit a Case Management Statement, it admonished Plaintiff's counsel for his failure to meet and confer, as required by the Court's standing order. (Id.) The Court also stated that "[u]pon the issuance of this Scheduling Order, should Plaintiff and Plaintiff's counsel not fully participate in the discovery process, Defendant may file the appropriate motion to dismiss for lack of prosecution." (Id.)

[7] (March 26 Order at 3 (citing Civ. L.R. 11-1(a), which explains that, with certain exceptions, "only members of the bar of this Court may practice in this Court").)

[8] (March 26 Order at 3 (citing Fed. R. Civ. P. 41(b)).)

2

1 the Federal Court."[9] In his statement, Plaintiff's counsel does not address the issue of whether this
2 case should be dismissed for failure to comply with the Civil Local Rules requiring that only
3 members of the bar of this Court may practice in this Court. Instead, he "unreservedly apologies
4 [sic] to the Federal Court for being unable to attend" the April 9 hearing, and reiterates his
5 contention that this case should be remanded to state court. (Id. at 2-3.)

6 Accordingly, in light of Plaintiff's failure to appear at the April 9 hearing and his failure to
7 prosecute this action, the Court DISMISSES this case pursuant to Fed. R. Civ. P. 41(b). As the
8 Court stated at the April 9 hearing, this dismissal is without prejudice.[10]

9 The Clerk shall close this file.

11 Dated: April 9, 2012

JAMES WARE
United States District Chief Judge

---

[9] (Plaintiff's Response at 1, Docket Item No. 28.)

[10] See Fed. R. Civ. P. 41(b) (explaining that a dismissal under this Rule "operates as an adjudication on the merits," unless "the dismissal order states otherwise").

3

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Martin Barnett Reiner martinreinerlaw@yahoo.com
Michael Gayland Pedhirney mpedhirney@littler.com

**Dated:  April 9, 2012**                                  **Richard W. Wieking, Clerk**

                                                           **By:      /s/ JW Chambers              **
                                                                  **Susan Imbriani**
                                                                  **Courtroom Deputy**